Frederick R. Thaler, Jr. (7002)
Calvin R. Winder (14369)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah  84145-0385
Telephone:  (801) 532-1500
Facsimile: (801) 532-7543
rthaler@rqn.com
cwinder@rqn.com

*Attorneys for Defendant Brigham Young University*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SAMUEL JACOB GOUCHENOUR, JR., an individual, <br><br> Plaintiff, <br><br> vs. <br><br> BRIGHAM YOUNG UNIVERSITY, a Utah non-profit corporation; and DOES 1-15, <br><br> Defendants. | **NOTICE OF REMOVAL** <br><br><br> Civil No. __2:19-cv-00947-CMR__ <br><br> Judge _____ |

PLEASE TAKE NOTICE that Defendant Brigham Young University ("BYU" or "Defendant") hereby removes the state court action entitled *Samuel Jacob Gouchenour, Jr. v. Brigham Young University, et al.*, Civil Number 190400547 (the "Action"), from the Fourth Judicial District Court, Utah County, State of Utah, to this Court based on the grounds of federal question jurisdiction pursuant to 28 U.S.C. § 1331, as authorized by 28 U.S.C. §§ 1441 and 1446.  As grounds for removal, BYU alleges as follows:

1.	On April 9, 2019, Plaintiff Samuel Jacob Gouchenour, Jr. ("Gouchenour" or "Plaintiff") commenced this action in the Fourth Judicial District Court, Utah County, State of Utah, by filing a Complaint (attached hereto as Exhibit A), with the civil action docketed as Civil Case No. 190400547.

2.	The Complaint alleged the following claims, all of which are based solely on Utah state law: (1) Breach of Implied and Express Employment Contracts, (2) Breach of the Implied Covenant of Good Faith and Fair Dealing, (3) Intentional Infliction of Emotional Distress, (4) Negligent Infliction of Emotional Distress, and (5) Defamation.  *See* Ex. A at 1, 12–15.

3.	Plaintiff never served the Complaint.

4.	On May 30, 2019, Plaintiff filed his First Amended Complaint (attached hereto as Exhibit B), as well as Exhibits 1-4 to the First Amended Complaint (attached hereto as Exhibit C).

5.	The First Amended Complaint alleged the following claims, all of which are based solely on Utah state law: (1) Breach of Implied and Express Employment Contracts, (2) Breach of the Implied Covenant of Good Faith and Fair Dealing, (3) Intentional Infliction of Emotional Distress, (4) Negligent Infliction of Emotional Distress, (5) Defamation, (6) Intentional Misrepresentation and Negligent Misrepresentation, (7) Negligence, (8) Intentional Interference with Prospective Economic Relations, (9) Tortious Interference with Economic Relations, (10) Collateral Estoppel, and (11) Punitive Damages.  *See* Ex. B at 1–2, 15–24.

6.	On May 30, 2019, Plaintiff also filed a Notice of Appearance of Co-Counsel Donald S. Reay (attached hereto as Exhibit D).

7.	On June 19, 2019, Defendant filed an Acceptance of Service (attached hereto as Exhibit E), acknowledging receipt and accepting service of Plaintiff's First Amended Complaint.

8. On November 1, 2019, Plaintiff filed his Second Amended Complaint (attached hereto as Exhibit F).

9. The Second Amended Complaint alleged the following claims: (1) Title IX, Gender Discrimination, Erroneous Result (Malicious Prosecution and Conspiracy); (2) Title IX, Gender Discrimination, Deliberate Indifference (Denial of Fairness in the Investigations and Proceedings of Disciplinary Actions); (3) Title IX Gender Discrimination, Deliberate Indifference (Malicious Prosecution and Conspiracy); (4) Breach of Implied and Express Employment Contracts; (5) Breach of the Implied Covenant of Good Faith and Fair Dealing; (6) Intentional Infliction of Emotional Distress; (7) Negligent Infliction of Emotional Distress; (8) Defamation; (9) Intentional Misrepresentation and Negligent Misrepresentation; (10) Negligence; (11) Intentional Interference with Prospective Economic Relations; (12) Tortious Interference with Economic Relations; (13) Collateral Estoppel; and (14) Punitive Damages. *See* Ex. F at 1–2, 18–34.

10. BYU received a copy of the Second Amended Complaint on November 1, 2019.

11. BYU has not yet answered or otherwise responded to the Second Amended Complaint.

12. With the filing of the Second Amended Complaint, this is now a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and it may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441 because the Second Amended Complaint contains federal claims arising under Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 *et seq*.

13. Removal is timely, pursuant to 28 U.S.C. § 1446(b)(3), because BYU has filed this Notice of Removal "within 30 days after receipt by [BYU], through service or otherwise, of

a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3).

14. This Court is the District Court of the United States for the district and division embracing the place where the Action is pending (*i.e.*, Utah County, Utah), and is, therefore, the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

15. Pursuant to 28 U.S.C. § 1446(d), BYU has filed a written notice of this removal (attached hereto as Exhibit G) with the Clerk of the Fourth Judicial District Court, Utah County, State of Utah, which, along with this notice, is being served on Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

16. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on BYU are attached hereto as Exhibits A–F.

## CONCLUSION

For the foregoing reasons, federal jurisdiction now exists under 28 U.S.C. § 1331, and removal is appropriate under 28 U.S.C. § 1441.

DATED this 27th day of November, 2019.

                                                        RAY QUINNEY & NEBEKER P.C.

                                                       */s/ Frederick R. Thaler, Jr.*
                                                       Frederick R. Thaler, Jr.
                                                       Calvin R. Winder

                                                       *Attorneys for Defendant Brigham Young University*

1511327

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of November, 2019, a copy of the foregoing **NOTICE OF REMOVAL** was electronically filed with the Clerk of Court using CM/ECF system and served via United States Postal Service, prepaid, to the following:

Justin D. Heideman
Donald S. Reay
HEIDEMAN & ASSOCIATES
2696 North University Avenue, Suite 180
Provo, UT 84604
jheideman@heidlaw.com
donald@heidlaw.com

*Attorneys for Plaintiff*

             */s/ Melanie Martin*

1511327